Lyne v. Hoyle.

*J. C. Hall,* for appellants.

*D. Rorer,* for appellees.

HARVARD LAW SCHOOL LIBRARY.

---•◦●◦▵--------

LYNE *et al. v.* HOYLE *et al.*

Application for a change of venue, may be made to a justice of the peace at any time after the appearance of parties and before the jury is sworn; or the trial submitted to the justice.

Statutes made to promote an impartial administration of justice, should receive a liberal construction.

2g  135
e126 581

### *Error to Lee District Court.*

*Opinion by* GREENE, J.    Application was made to the justice of the peace, before whom this suit was commenced, for a change of venue. The change was refused on the ground that the affidavit for it, was made after a continuance of the cause, and after the return day of the writ. But it appears to have been made before the jury was sworn, or the trial submitted to the justice. Judgment having been rendered against the defendant, he took the case to the district court by writ of *certiorari*, to determine the correctness of the decision by which his application for a change of venue was overruled. In the district court, the judgment of the justice was affirmed.

The section of the statute, about which the question of construction is raised, provided, that "if, upon the appearance of the parties, on the return of process in any case, either party shall before the jury is sworn, or the trial submitted to the justice, make affidavit," &c. *Rev. Stat.* 327 § 6. It is urged, that this language limits the time of filing the affidavit for a change of venue, to the return day of the process, and that a party cannot avail himself of it at any future day, or after a continuance of the cause. To this construction, however, we cannot give concurrence. The letter of the statute clearly imports a term, within two designated periods of time, during which a party may avail himself of this important legal right. This term commences "upon the appearance of the parties," after or "on the return of process," and terminates as soon as "the jury is sworn, or the trial is submitted to the justice." This construction, we think must necessarily follow as the manifest spirit of the law and the apparent intention of the legislature. Statutes made to promote an impartial administration of justice, should receive a liberal construction, a construction that will not limit or impair its remedial object. *Steamboat Kentucky* v. *Brooks et al.*, 1 G. Greene 398. As, in this case, the jury had not been sworn,

nor the trial submitted to the justice, when the defendant made application for a change of venue, it should not have been refused, and the district court erred in affirming the decision.

Judgment reversed.

*J. C. Hall*, for plaintiff in error.

*Geo. C. Dixon*, for defendants.